# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| CHERYL TOVAR, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:23-cv-00505-M |
| | § | |
| CITY OF DALLAS, | § | |
| | § | |
| Defendant. | § | |
| | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint (ECF No. 24) is

**GRANTED** as to Plaintiff's claims under the Americans with Disabilities Act ("ADA") and 42

U.S.C. § 1983, and **DENIED** as to Plaintiff's Title VII claims.

### I.    Factual Matters[1]

Plaintiff Cheryl Tovar is a mixed race female of African American and Hispanic descent,

who suffers from post-traumatic stress disorder ("PTSD").  ECF No. 21 (Second Amended

Complaint, "SAC" or "Complaint") ¶¶ 5, 19.  She asserts claims of failure-to-accommodate and

disability discrimination under the ADA, sex and race discrimination under Title VII, and a

violation of equal protection under § 1983, against Defendant City of Dallas (the "City").  *Id.* ¶

23.

The City hired Tovar on December 12, 2017, as a driver in the City's Department of

Sanitation Services.  *Id.* ¶ 5; ECF No. 24 at 9.  Plaintiff had experience operating a semi-tractor

trailer, but stated on her employment application that she did not have experience with the

---

[1] At the motion to dismiss stage, the Court accepts all of Plaintiff's well-pled facts as true.  *Stokes v. Gann*, 498 F.3d 483, 484 (5th Cir. 2007) (per curiam).

sanitation trucks used by the City.  SAC ¶¶ 5, 8.  Plaintiff nevertheless completed her probationary period with good reviews.  *Id*. ¶ 8.

In March 2018, Plaintiff told her supervisor, Reginald Hall, that she was being treated for PTSD.  *Id*. ¶¶ 6, 9.  Plaintiff also provided a doctor's note regarding this disorder to her manager, Steve Thurman, and a human resources employee.  *Id*. ¶ 16.  Plaintiff claims that she did not receive a reasonable accommodation, that is, a job assignment in which her PTSD would not have hindered her job performance.  *Id*. ¶ 21.

Plaintiff alleges she was assigned to an older truck with a history of breakdowns.  *Id*. ¶ 10.  While driving that vehicle, Plaintiff struck a gas meter, an incident which she attributes to the truck's condition and her lack of sufficient training.  *Id*. ¶ 11.  Plaintiff claims she repeatedly asked Thurman for a different assignment to avoid such potential incidents.  She claims Thurman was an "overt white supremacist," who after the gas meter incident, placed her under the supervision of Juan Somodio, for only one day, before she was returned to the skilled automated truck section, under the supervision of Bobby White.  *Id*. ¶¶ 11–12.  Plaintiff asked Thurman to move her again, which led to her reassignment to the supervision of Gary Cannon, a White male. *Id*. ¶ 12.  Plaintiff claims she worked under Cannon for over two months before being unfairly placed on administrative leave, after which she was ultimately wrongfully terminated.  *Id*. ¶¶ 5, 12–13.  Prior to her termination, Thurman allegedly denied Plaintiff's request for cross training, because of her accumulation of "demerit points," which apparently was used by the City to track work infractions.  She claims males with a similar number of demerit points to hers received training, promotion, and transfers.  *Id*. ¶ 13.

Plaintiff alleges that she was replaced by Jimmy Brown, Jr., a White male, who received preferential treatment over Tovar.  *Id*. ¶ 20.  She pleads that two Hispanic males had more

demerit points than she did, but were not terminated, and that one of those had poorer performance than Tovar, but was promoted.  *Id*. ¶¶ 14, 17.  She further alleges that she told the City's Mayor, Manager, and City Council members about discrimination against her, but no action was taken in response.  *Id*. ¶¶ 17, 22.

## II.     Legal Standard

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual allegations to state a claim for relief that is plausible on its face.  *Moore v. City of Dallas*, No. 3:22-CV-0714-M-BT, 2023 WL 2589394, at *8 (N.D. Tex. Mar. 17, 2023) (Lynn, J.) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "To be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'"  *In re Great Lakes Dredge & Dock Co*., 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Twombly*, at 555).  This pleading standard does not require "detailed factual allegations," but it demands more than an unadorned accusation devoid of factual support.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged."  *Id*. at 678 (citing *Twombly*, 550 U.S. at 556).  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  *Iqbal*, 556 U.S. at 679.  Where the facts do not permit the court to infer more than the mere possibility of misconduct, the complaint stops short of demonstrating that the plaintiff is plausibly entitled to relief.  *Id*. at 678 (citing *Twombly*, 550 U.S. at 557).  The Court's "constru[e] all factual allegations [in the complaint in the] light most favorable to the plaintiffs."  *Kopp v. Klein*, 722 F.3d 327, 333 (5th Cir. 2013).  However, the Court will not credit "conclusory allegations, unwarranted factual inferences, or legal conclusions."  *Ferrer v. Chevron Corp*., 484 F.3d 776,

780 (5th Cir. 2007).

### III.   Analysis

#### A.   ADA Claims

The ADA prohibits discrimination in employment based on an employee's disability. *See* 42 U.S.C. § 12112(a).  Discrimination under the ADA includes "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability . . . unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity."  *Id.* § 12112(b)(5)(A).

To survive the motion to dismiss her ADA failure-to-accommodate claim, Tovar must plead that (1) she is a qualified individual with a disability; (2) the disability and its consequential limitations were known by the covered entity; and (3) the entity failed to make reasonable accommodations.  *Pickett v. Texas Tech Univ. Health Scis. Ctr.*, 37 F.4th 1013, 1019 (5th Cir. 2022).  For her ADA discrimination claim, she must plead that (1) she suffers from a disability or is regarded as disabled; (2) she is qualified for the job despite the disability; (3) she was subjected to an adverse employment action due to her disability; and (4) she was replaced by a non-disabled person or treated less favorably than non-disabled employees.  *Alvarado v. ValCap Grp., LLC*, No. 3:21-CV-1830-D, 2022 WL 953331, at *3 n.2 (N.D. Tex. Mar. 30, 2022) (citing *Milton v. Tex. Dep't of Crim. Justice*, 707 F.3d 570, 573 (5th Cir. 2013)).

For both claims, Tovar fails to adequately plead regarding her disability.  The ADA defines "disability" as (a) a physical or mental impairment that substantially limits one or more major life activities, (b) a record of such an impairment, or (c) being regarded as having such an impairment.  42 U.S.C. § 12102(1).  "[M]ajor life activities include, but are not limited to, caring

4

for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." *Id.* § 12102(2)(A). Thus, to adequately allege a disability under the ADA, a plaintiff must plead facts that give rise to an inference that her impairment "substantially limits" one or more "major life activities." *Hale v. King*, 642 F.3d 492, 500-01 (5th Cir. 2011); *see also Milteer v. Navarro Cnty., Texas*, No. 3:21-CV-2941-D, 2022 WL 1321555, at *6 (N.D. Tex. May 3, 2022) (Fitzwater, J.) (quoting *Luedecke v. Tenet Healthcare Corp.*, 2015 WL 58733, at *5 (N.D. Tex. Jan. 5, 2015) (Boyle, J.)).

In *Hale*, the Fifth Circuit considered a plaintiff's claim that he had been discriminated against based on his disabilities, which included chronic back pain, chronic Hepatitis-C, and PTSD. 642 F.3d. at 500–01. Although medical records were attached to the complaint, demonstrating that the plaintiff suffered from those ailments, the court held that the complaint was insufficient to support an ADA claim, because it "did not contain facts regarding the impact of [his] ailments on his ability to perform major life activities." *Id.*; *see also Mora v. Univ. of Tex. Sw. Med. Ctr.*, 469 Fed. Appx. 295, 297 (5th Cir. 2012) (per curiam).

Tovar has similarly failed to allege that her conditions substantially limited her in the performance of a major life activity. She pleads that she (1) informed Hall that she was on medication and was being treated by a doctor for PTSD (SAC ¶ 9), (2) submitted a doctor's note that she had PTSD (*id*. ¶ 16), (3) should have received a reasonable accommodation of a job assignment in which her PTSD would not have impaired her ability to work effectively (*id*. ¶ 21), and (4) was placed on leave and terminated because of her PTSD (*id*.). However, she does not allege any specific major life activity that is "substantially limited" by her PTSD. To the extent that she references deficiencies in her job performance, those deficiencies are attributed to a lack

of experience with the City's trucks, inadequate training, and poor equipment, not her PTSD. *See id.* ¶¶ 8, 10–11. In fact, Plaintiff admits that "[s]he performed all of [her various jobs] well so long as she received proper training and equipment." *Id.* ¶ 18.

"[T]o be substantially limited means to be unable to perform a major life activity that the average person in the general population can perform, or to be significantly restricted in the ability to perform it." *EEOC v. Chevron Phillips Chem. Co*., 570 F.3d 606, 614 (5th Cir. 2009) (citing 29 C.F.R. § 1630.2(j)). "In making that determination, the EEOC has advised that [the court] consider: (i) the nature and severity of the impairment[;] (ii) the duration or expected duration of the impairment; and (iii) the permanent or long term impact, or the expected permanent or long term impact of or resulting from the impairment." *Hale*, 642 F.3d at 500 (internal quotation marks omitted) (quoting *Chevron Phillips Chem. Co*., 570 F.3d at 614). Tovar's Complaint does not allege the nature or severity of her PTSD or the difficulties it creates in her performance of major life activities. The Plaintiff's conclusory allegations that she suffered from PTSD are insufficient for the Court to find that she has a "disability," as that term is used in the relevant statutes. Accordingly, the Court grants the City's Motion to Dismiss Tovar's ADA claims.

**B. Title VII**

A Title VII discrimination claim requires a plaintiff to prove that she "(1) is a member of a protected class; (2) was qualified for the position [s]he held; (3) was subject to an adverse employment action; and (4) was treated less favorably than others similarly situated outside of [her] protected class." *Alkhawaldeh v. Dow Chem. Co*., 851 F.3d 422, 426 (5th Cir. 2017) (citing *Bryan v. McKinsey & Co*., 375 F.3d 358, 360 (5th Cir. 2004)); 42 U.S.C. § 2000e-2(a)(1). At the motion to dismiss stage, a plaintiff need not submit evidence to establish a prima facie case for

discrimination, but to plead a plausible case, she must "plead sufficient facts on all of the ultimate elements" of her claim. *Chhim v. Univ. of Tex.*, 836 F.3d 467, 470 (5th Cir. 2016) (per curiam).

Defendant argues that Plaintiff has failed to adequately plead that she was qualified for her position. Plaintiff pleads that she had previous experience operating a semi-tractor trailer, completed her probationary period with good reviews, performed various jobs well when provided proper training and equipment, and had less demerit points than similarly situated employees who were retained by the City. These allegations suffice for the Court to infer that she was qualified for her position. *See Onyeugbo v. Citigroup Irving*, No. 3:21-CV-3206-S (BT), 2023 WL 3902676, at *3 (N.D. Tex. Mar. 20, 2023), report and recommendation adopted, No. 3:21-CV-3206-S-BT, 2023 WL 3903809 (N.D. Tex. June 8, 2023).

Defendant next argues that Plaintiff fails to sufficiently allege that similarly situated employees outside of her protected classes were treated more favorably under nearly identical circumstances. Plaintiff alleges that she was replaced by a White male, and that she was treated differently than two Hispanic males in comparable positions. She alleges that her supervisor, Thurman, was a White supremacist, and that she was discriminated against because of her race and gender. When compared to similarly situated individuals outside of the protected classes of which she is a member, Plaintiff alleges that she was denied cross training, promotion, and transfer, and was terminated when she had fewer demerit points than similarly situated individuals. This is a sufficient pleading of race and gender discrimination. *Cicalese v. Univ. of Texas Med. Branch*, 924 F.3d 762, 768 (5th Cir. 2019); *Burchfield v. S. Louisiana Med. Assocs.*, No. CV 23-1501, 2023 WL 5952183, at *8 (E.D. La. Sept. 13, 2023); *Stollings v. Texas Tech Univ.*, No. 5:20-CV-250-H, 2021 WL 3748964, at *11 (N.D. Tex. Aug. 25, 2021).

In arguing for dismissal of these claims, Defendant's Motion primarily relies upon
*Alkhawaldeh v. Dow Chem. Co*., 851 F.3d 422 (5th Cir. 2017), which concerned summary
judgment, not a motion to dismiss.  The Court will not hold Plaintiff to the higher summary
judgment standard at this phase and denies the Motion as to Plaintiff's Title VII claims.

### C.  Section 1983

A plaintiff may sue a municipality for a violation of federal rights that occurs "under
color of any statute, ordinance, regulation, custom, or usage."  42 U.S.C. § 1983.  To succeed,
the plaintiff must identify a federal right that was violated "pursuant to an official municipal
policy."  *Edwards v. City of Balch Springs, Texas*, 70 F.4th 302, 307 (5th Cir. 2023) (ultimately
quoting *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691 (1978)).  This claim,
also known as a *Monell* claim, requires (1) an official policy or custom, (2) promulgated by the
municipal policymaker, (3) that was the moving force behind the violation of a constitutional
right.  *Id.* at 307 (citing 42 U.S.C. § 1983).

"[A] policy can be shown through evidence of an actual policy, regulation, or decision
that is officially adopted and promulgated by lawmakers or others with policymaking authority."
*Valle v. City of Houston*, 613 F.3d 536, 542 (5th Cir. 2010).  A custom is "a persistent,
widespread practice of City officials or employees, which, although not authorized by officially
adopted and promulgated policy, is so common and well-settled as to constitute a custom that
fairly represents municipal policy."  *Piotrowski v. City of Houston*, 237 F.3d 567, 579 (5th Cir.
2001) (citation omitted)); *see also Bennett v. City of Slidell*, 735 F. 2d 861, 862 (5th Cir. 1984).
To establish a custom, a plaintiff must demonstrate "a pattern of abuses that transcends the error
made in a single case."  *Piotrowski*, 237 F.3d at 582 (citation omitted).

Plaintiff admits she does not plead a written policy (SAC ¶ 22) and because she has failed

to plead a *de facto* policy or official custom, her § 1983 claim is insufficient.  The Complaint

alleges that the policy or custom is one "of discrimination toward Tovar."  *Id.*  A policy or

custom directed against an individual does not constitute a "widespread practice" "so common

and well settled" as to constitute a policy of a city.  *Culbertson v. Lykos*, 790 F.3d 608, 628 (5th

Cir. 2015) (quoting *Webster v. City of Houston*, 735 F.2d 838, 842 (5th Cir.), on reh'g, 739 F.2d

993 (5th Cir. 1984)).  Because Plaintiff pleads only discrimination against herself, she has not

pleaded a "pattern of abuses" that might constitute a custom.  *Gallaher v. City of Maypearl,

Texas*, No. 3:17-CV-1400-M, 2018 WL 700252, at *6 (N.D. Tex. Feb. 2, 2018) (Lynn, C.J.)

(quoting *Piotrowski*, 237 F.3d at 582).

### IV.    Conclusion

In allowing the Plaintiff's prior amendment to the Complaint, the Court warned that "[n]o

further amendments will likely be permitted."  ECF No. 18.  In repleading, the Court directed the

Plaintiff as follows: (1) for her ADA claims, to identify her alleged disability, the actions the

City took against her because of her purported disability, and the reasonable accommodation she

allegedly requested which the City denied; (2) for her Title VII claims, to plausibly allege that

she was qualified for the position she sought and was replaced by someone outside her protected

group or was treated less favorably than other, similarly situated and identified employees

outside the protected group; and (3) for her § 1983 claim, to plausibly allege an official policy or

custom of Defendant, by a designated policy maker, and that the policy or custom was the

moving force behind Plaintiff's alleged constitutional injury.

As Plaintiff's Second Amended Complaint does not cure the identified deficiencies for

her ADA and § 1983 claims, Defendant's Motion to Dismiss Plaintiff's Second Amended

Complaint (ECF No. 24) is **GRANTED** as to those claims, which are **DISMISSED WITH**

**PREJUDICE**, and **DENIED** as to Plaintiff's Title VII claims.

        **SO ORDERED**.

May 9, 2024.

                          BARBARA M. G. LYNN
                        SENIOR UNITED STATES DISTRICT JUDGE