IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CHERYL TOVAR, § | |
| § | |
| Plaintiff, § | |
| § | |
| V. § | Civil Action No. 3:23-CV-505-M |
| § | |
| CITY OF DALLAS, § | |
| § | |
| Defendant. § | |

## MEMORANDUM OPINION AND ORDER

On October 25, 2024, Defendant City of Dallas moved for summary judgment on the race and sex discrimination claims of Plaintiff Cheryl Tovar. Plaintiff did not respond to the Motion.

Summary judgment in favor of Defendant is **GRANTED**. Plaintiff did not exhaust her administrative remedies as to any claims other than (1) those for race discrimination based on the denial of her second request for cross-training and (2) race and sex discrimination claims related to her termination. The other claims asserted by Plaintiff were not included in the Charge which she filed with the EEOC on June 11, 2019, and were not within the scope of the EEOC investigation which could reasonably be expected to grow out of the Charge. As to the second request for cross-training, the Charge claimed only race discrimination, not sex discrimination. Further, any of Plaintiff's claims prior to August 15, 2018, which is 300 days before June 11, 2019, are barred by 42 U.S.C. ¶ 2000-5(e)(1).

Plaintiff does not raise a genuine issue of material fact as to Plaintiff's race and sex discrimination claims. She cannot make out a *prima facie* case because she was not qualified for her position, Truck Driver II. First, Plaintiff made a material representation when she applied for a job with the City of Dallas. Although she signed a certification that she had answered all of the

questions truthfully, and acknowledged that "failure to answer all questions fully and truthfully may result in disqualification or dismissal," Plaintiff stated on her application to the City of Dallas that her prior employment had ended because of a "change of status." In litigation against her prior employer, Grocer's Supply, Plaintiff stated that she had been notified "that she was terminated effective immediately."

Apart from the material untruth stated in her job application, which disqualified her for her position with the City of Dallas, Plaintiff was not qualified to continue as a Truck Driver II because she was involved in four preventable accidents within eight months of her employment with the City of Dallas, and three of those incidents occurred within eleven days of each other. As a result of those accidents, Plaintiff accumulated five points on her safety record, which supported her termination under the applicable rules of the Sanitation Department of the City of Dallas. All administrative requirements for her termination were followed and Plaintiff was given all applicable rights in connection with her termination, including the right to appeal, which she exercised, but her termination was upheld.

Because Plaintiff was not qualified for her position with the City of Dallas and thus cannot make out a *prima facie* case as to her two exhausted claims, and because her other claims were not exhausted, Defendant's Motion for Summary Judgment is **GRANTED**.

A separate judgment will issue.

**Dated this 15th day of January, 2025**.

BARBARA M. G. LYNN
SENIOR UNITED STATES DISTRICT JUDGE